[Cite as *State v. Murphy*, 2023-Ohio-2853.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220512 |
| | | TRIAL NO. 20CRB-6154 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| RYAN MURPHY, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 16, 2023

*Emily Smart Woerner,* City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Joshua Loya,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann,* Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}    Defendant-appellant Ryan Murphy was convicted following a bench trial of one count of criminal damaging, a misdemeanor of the first degree under R.C. 2909.06(A)(1).  He timely appealed the conviction.  For the reasons below, we affirm the conviction.

### Facts and Procedural History

{¶2}    On the morning of March 30, 2021, Murphy and Jay Fisher, his former landlord, were discussing the return of Murphy's security deposit outside of 2423 Ingleside Drive, a rental property owned by Fisher.  Murphy previously had been Fisher's tenant, but Murphy had moved out in February of 2021, a month before the day in question.  Fisher was at the property with a chainsaw because a first-floor tenant of the property had notified him that a tree branch needed to be cut down.  Fisher had finished cutting the branch and put the chainsaw on the ground by the time Murphy arrived.  After their discussion, Murphy grabbed the chainsaw, walked about ten feet from where Fisher was standing, and threw the chainsaw through a first-floor window of the property.

{¶3}    At a bench trial in municipal court on October 7, 2022, Fisher testified that he saw Murphy throw the chainsaw through the window, that the glass of the double-paned window shattered, and the chainsaw landed inside the property.  A responding police officer testified that he arrived at the scene, spoke to Fisher, and saw shattered glass and the chainsaw inside the apartment.  Fisher and the officer both testified that there was broken glass "everywhere," including both inside and outside of the property.  Murphy was

2

convicted of first-degree criminal damaging under R.C. 2909.06(A)(1). He timely appealed.

## Analysis

{¶4}    In his sole assignment of error, Murphy contends that there was insufficient evidence to prove that his actions created the requisite risk of physical harm to a person to support a conviction of first-degree criminal damaging and that his conviction was against the manifest weight of evidence.

{¶5}    A challenge to the sufficiency of evidence requires an appellate court to review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found all the essential elements of a crime beyond a reasonable doubt. *State v. Sims,* 1st Dist. Hamilton Nos. C-150252 and C-150253, 2015-Ohio-4996, ¶ 7. Whether the evidence is sufficient for a conviction is a question of law to be reviewed de novo. *State v. Ellison,* 178 Ohio App.3d 734, 2008-Ohio-5282, 900 N.E.2d 228, , ¶ 9. In deciding whether the evidence is sufficient, an appellate court does not "resolve evidentiary conflicts nor assess the credibility of the witness." *State v. Thomas,* 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 45.

{¶6}    To support a conviction for first-degree criminal damaging under R.C. 2909.06(A)(1), the state must prove beyond a reasonable doubt that the defendant knowingly caused or created a substantial risk of physical harm to the property of another without consent and that the defendant's actions created a risk of physical harm to any person. Creating a risk of physical harm to any person raises a criminal-damaging conviction from a second-degree misdemeanor to a first-degree misdemeanor.

{¶7} Murphy concedes that he damaged Fisher's property without consent when he threw the chainsaw through the window of the rental property. Therefore, the only issue on appeal is whether the state presented sufficient evidence to prove beyond a reasonable doubt that Murphy's actions created a risk of physical harm to a person.

{¶8} The statutory definitions provide some guidance on what constitutes a "risk of physical harm to persons." "Risk" is defined in R.C. 2901.01(A)(7) as "a significant possibility, as contrasted with a remote possibility, that a certain result may occur or that certain circumstances may exist." The statute does not define "significant possibility" or "remote possibility." But R.C. 2901.01(A)(8) defines a "substantial risk" as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." Under R.C. 2901.01(A)(3), "physical harm to persons" can be "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Reading these definitions together, for a court to convict a defendant of first-degree criminal damaging under R.C. 2909.06(A)(1), the criminal-damaging violation must create a significant possibility that someone could have been hurt because of the defendant's actions, which is more likely than a remote possibility but less likely than a strong possibility.

{¶9} Caselaw provides examples of what actions create a significant possibility of physical harm to persons. This court and the Second District have held that when a defendant shatters the glass from a vehicle's window, the defendant creates a risk of physical harm to passengers inside the vehicle necessary to elevate a criminal damaging charge to a first-degree misdemeanor.

4

*Sims*, 1st Dist. Hamilton Nos. C-150252 and C-150253, 2015-Ohio-4996, at ¶ 9; *State v. Bently,* 2d Dist. Montgomery No. 19743, 2004-Ohio-2740, ¶ 11. The Tenth District has found that the act of shattering the glass of a car window when others are standing near the car or touching the car can elevate a criminal-damaging conviction to a first-degree misdemeanor. *State v. Davenport,* 10th Dist. Franklin Nos. 18 AP-393 and 18 AP-395, 2019-Ohio-2297, ¶ 37-38. The Tenth District reasoned in *Davenport* that the defendant would have known that someone could be harmed by the shattering glass because others were in close proximity to the car when the window was smashed. *Id.* at ¶ 38.

{¶10} During Murphy's bench trial, Fisher and the responding police officer testified that the glass from the double-paned window was shattered and that broken glass was "everywhere." While there was no testimony as to whether someone was actually inside the property on the first floor at the moment the chainsaw shattered the window and landed inside the building, Fisher testified that he was at the property to cut down a tree branch at the behest of a first-floor tenant, indicating that there was a person residing on the first floor when the incident occurred. Because the first floor of the dwelling was inhabited when the damage occurred, there was a risk that either the chainsaw or the shattered glass could have physically harmed someone inside the residence.

{¶11} Though there was no testimony at trial to affirmatively prove that someone was on the first floor of the property near the window at the time of the incident, a reasonable factfinder could still conclude that Murphy's actions created a risk of physical harm to a person. *See State v. Mendez,* 8th

Dist. Cuyahoga No. 108527, 2020-Ohio-3031, ¶ 67 (finding sufficient evidence for first-degree criminal damaging when the doors, walls, and furniture in a home were broken while the occupants were away from home). Because the first floor of the property was inhabited, there was a significant possibility that someone could have been inside the dwelling when the chainsaw was thrown through the window. Anyone on the first floor at that time would have been at risk of physical harm from either the flying glass shards or the chainsaw. Viewing the testimony concerning the first-floor tenant and shattered glass in a light most favorable to the prosecution, a reasonable factfinder could conclude that Murphy's actions created a risk of potential physical harm to a person.

{¶12} Further, Murphy's conviction for first-degree criminal damaging was not against the manifest weight of evidence. Under the manifest-weight standard, an appellate court must review the entire record and determine if the trial court clearly lost its way and created a manifest miscarriage of justice. *Sims,* 1st Dist. Hamilton Nos. C-150252 and C-150253, 2015-Ohio-4996, at ¶ 7 citing *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). An appellate court does not substitute its own judgment for that of the trier of fact and "[w]here reasonable minds can reach different conclusions upon conflicting evidence," the determination of facts rests with the trier of fact. *State v. Jenks,* 61 Ohio St.3d 259, 279, 574 N.E.2d 492 (1991). An appellate court will only substitute its judgment on the issue of witness credibility when "it is patently apparent that the trier of fact lost its way in arriving at its verdict." *State v. Porter,* 1st Dist. Hamilton No. C-200459, 2021-Ohio-3232, ¶ 25.

6

{¶13} All the essential elements of first-degree criminal damaging under R.C. 2909.06(A)(1) were presented to the court and supported Murphy's conviction. Fisher testified that on the morning of March 30, 2021, he saw Murphy take the chainsaw and intentionally throw it through one of Fisher's first-floor windows, causing the glass from the window to shatter. Fisher asserted that Murphy did not have his permission to break the glass and that there had been no damage to the window prior to this incident. As discussed above, there was also evidence presented at trial that Murphy's actions created the risk of physical harm to any person necessary to support a first-degree designation.

{¶14} Fisher was the only eyewitness that testified he saw Murphy throw the chainsaw through the window. Though the defense noted Fisher's age and the year and a half between the day in question, March 30, 2021, and trial, October 7, 2022, as well as Fisher's use of eyeglasses at trial, Fisher asserted that he was able to see and clearly remember the events of March 30, 2021. The trial court found Fisher's testimony to be reliable. "Because the trier of fact sees and hears the witnesses and is particularly competent to decide 'whether, and to what extent, to credit the testimony of particular witnesses,' " an appellate court must give substantial deference to the fact-finder's credibility determination. *State v. Glover,* 1st Dist. Hamilton No. C-180572, 2019-Ohio-5211, ¶ 30, quoting *City of Barberton v. Jenney,* 126 Ohio St.3d 5, 2010-Ohio-2420, 929 N.E.2d 1047, ¶ 20. After considering the weight of all the evidence presented at trial, we cannot say that the trial court patently lost its way and created a manifest miscarriage of justice in convicting Murphy of

first-degree criminal damaging. This is not an exceptional case where the evidence weighs heavily against conviction.

## Conclusion

{¶15} After careful review of the record, we hold that there was legally sufficient evidence to support Murphy's first-degree criminal damaging conviction beyond a reasonable doubt and that Murphy's conviction was not against the manifest weight of evidence. Accordingly, we overrule Murphy's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE**, **P.J.**, and **ZAYAS**, **J.**, concur.

Please note:

The court has recorded its own entry on this date.